IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA )

v.                       )     CRIMINAL NO. 11-00152-CB

MICHAEL D. NELSON         )

      Defendant/Petitioner.   )

**OPINION and ORDER**

This matter is before the Court on a "Motion for Out of Time Appeal" filed by Michael D. Nelson, a person in federal custody.  (Doc. 372.)  Nelson asserts that his attorney rendered ineffective assistance of counsel because counsel ignored his client's instructions at sentencing to file a notice of appeal. After considering the motion and all relevant documents and pleadings, the Court finds that the motion is due to be denied without an evidentiary hearing.

Nelson claims that his attorney's failure to file a notice of appeal amounted to constitutionally ineffective assistance of counsel, citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The Court construes this as a claim raised under 28 U.S.C. § 2255.[1]  *See Gomez-Diaz v. United States*, 433 F.3d 793 (11th Cir. 2005).  Nelson cannot succeed on this claim, however, because it is contradicted by the record. Both Nelson and his attorney signed and filed a "Notice of Non-Appeal" after sentencing which states:

> I have been advised by the Court, and my attorney, of my right to appeal my conviction and sentence.  I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal.  I have had sufficient time to

---

[1] Although Nelson also requests that the Court extend the time for filing a § 2255 motion and provide him with proper forms, it appears that this is the only issue he seeks to raise.  Providing forms to file a frivolous motion would be futile.  Moreover, lacks authority to extend the limitations period. *Cf. United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000) (court lacks authority to rule on timeliness of § 2255 motion until motion is actually filed); *In re Wattanasiri*, 982 F. Supp. 955, 957 (S.D.N.Y. 1997) (neither statute nor rules permit court to extend time to file to file § 2255 motion).

> consider my options, and require no further explanation.  After consideration it is my desire to inform the Court that I do not wish to take an appeal.

(Notice of Non-Appeal, Doc. 247.)  Because his signed notice of nonappeal contradicts his claim that "his counsel at the time of sentencing did not file a requested notice of appeal as [instructed] by [Petitioner]," it plainly appears that that the Petitioner is not entitled to relief.  *See Rules Governing Section 2255 Proceedings 4(b); Vick v. United States*, 730 F.2d 707, 708 (11th Cir.1984) (no evidentiary hearing required when claim is affirmatively contradicted by the record or is patently frivolous).  Accordingly, the motion is hereby **DENIED**.

**Certificate of Appealability Denied**

Rule 11 of the Rules Governing Section 2255 Proceedings requires that this Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  "A certificate of appealability may be issued only where the applicant has made a 'substantial showing of the denial of a constitutional right.'" *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997).  This standard is "materially identical" to the standard governing certificates of probable cause under the former 28 U.S.C. § 2253.  *Id.*; accord *Slack v. McDaniel*, 579 U.S. 473 (2000).  In the context of certificates of probable cause, the Supreme Court has defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).  None of the claims raised in petitioner's § 2255 meet this threshold.  Accordingly, the certificate of appealability is **DENIED.**

**DONE** and **ORDERED** this the 25th day of February, 2013.

                                                **s/***Charles R. Butler, Jr.*
                                                **Senior United States District Judge**