# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA     | ) |                              |
| v.                           | ) | CRIMINAL NO. 11-0152-6-CG-C  |
| MICHAEL D. NELSON            | ) |                              |

## ORDER

This matter is before the Court on the Defendant, Michael Nelson's ("Nelson"), Motion Requesting Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. 632). The Government did not file a response. For the reason set forth herein below, Defendant's motion for recommendation is GRANTED and this Court recommends that Defendant be released to a Residential Re-Entry Center ("RRC) or halfway house twelve months prior to the completion date of his sentence.[1]

## BACKGROUND

On February 13, 2012, this Court sentenced Nelson to a term of 200 months imprisonment for Conspiracy to possess with the intent to distribute cocaine in violation of 21 USC § 846. (Doc. 230). On March 13, 2015, Defendant's sentence was reduced to 160 months pursuant to guideline changes (Doc. 534) and was then reduced again to 120 months on May 5, 2015, based on Defendant's assistance with

---

[1] Based on the records presented with Nelson's motion, he is scheduled to be released in less than twelve months. As such, this Court recommends that Nelson be released to an RRC/halfway house as soon as possible.

the prosecution of other individuals (Doc. 559).  Defendant's sentence additionally requires that he complete ten years of supervised release.  (Doc. 534).  According to Defendant, he is to be released from a Federal Prison Camp in Yazoo City, Mississippi on February 23, 2020.  (Doc. 632).  Defendant now seeks a court recommendation from this Court that he be released to an RRC for the full 12 months allowable under the Second Step Act which includes six months in an RRC and six months in home confinement.

## DISCUSSION

The Second Chance Act amended 18 U.S.C. § 3624(c) authorizes the Director of the Bureau of Prisons to allow a prisoner to spend a portion of the final months of his/her sentence (not to exceed twelve months) "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community".  18 U.S.C. § 3624(c)(1).  As such, the amendment "authorize[d] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see Wood v. Outlaw*, No., 2010 WL 3417811, at *2 (Aug. 26, 2010) ("Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months.").  The relevant conditions include placement in a community correctional facility.  18 U.S.C. § 3624(c)(1).

Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b)(1)-(5). Placement in a community correctional facility should be "of sufficient duration to provide the greatest likelihood of successful reintegration into the' 'community." 18 U.S.C. § 3624(c)(6)(C).

Because this is the Court that sentenced Nelson, it can issue a recommendation as to the type of penal or correctional institution that is appropriate as requested by Nelson. *See* 18 U.S.C. § 3621(b)(4)(B); *See also, U.S. v. Baker*, 2013 WL 355867 (M.D. Ala. January 29, 2013). Further, upon review of the information and documentation submitted by Nelson and considering the Government has offered no objection, this Court finds that the requested recommendation is appropriate in this action. Specifically, in support of his motion, Nelson states as follows:

> During my period of incarceration, I have demonstrated exemplary conduct and have been a role-model inmate. I have completed numerous release preparation programs for reentry, including: enrolled to get my GED, banking tutorial, parenting, guide to home ownership, dress for success, basic

3

finance, public speaking life plan, smart choices, healthy relationships, victim impact program, criminal thinking, coping skills, attitudes of change, money smarts, quality of life, financial analysis, narcotics anonymous, pre-release group, going home to stay, and am currently enrolled in two other courses. Additionally, I have participated in the United States Probation Seminar for those about to be released that discuss topics along with the AUSA, which is a release orientation program: transitioning to the community, psychology, adjusting your attitude, reintegrating with you [sic] family, managing your finances, applying for a job, as well as complying with the rules and regulations of probation. I have availed myself of every opportunity available to me while here at the FPD Yazoo City, to be reformed and to rejoin law-abiding society. I have demonstrated extraordinary rehabilitation and am an excellent candidate for the Second Chance Act of 2007.

(Doc. 632 at 1-2). Nelson also indicates that each week he participates in several 12-step, self-help, self-improvement groups such as Alcoholics Anonymous. (*Id.* at 2). Nelson has additionally provided this Court with his Inmate education Transcript showing his completion of the numerous classes he has referenced completing. (*Id.* at 6-11). Lastly, Nelson indicates that his purpose for seeking this Court's recommendation is to strengthen his chances of being given the maximum number of months allowed in an RRC/halfway house so that he can have the most amount of time possible to reacclimate to life outside of prison in order to further his efforts to become a valuable member of society. Nelson's efforts while incarcerated are commendable and warrant this Court's recommendation that he be released to an RRC/halfway house as soon as practicable so that he may have the most time possible to re-adjust to society.

## CONCLUSION

For the reasons stated herein above, Nelson's Motion Requesting Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. 632)

4

is hereby GRANTED.  This Court recommends that Nelson be released to a Residential Re-Entry Center ("RRC) or halfway house twelve months prior to the completion date of his sentence.

    **DONE** and **ORDERED** this 22nd day of March 2019.

                                /s/ Callie V. S. Granade
                                SENIOR UNITED STATES DISTRICT JUDGE